IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TOMMY AND JO ANN BRISTOW, )<br>    )<br>    Plaintiffs, )<br>    )<br>vs. )<br>    )<br>1. UNITED HOME INSURANCE )<br>COMPANY, )<br>    )<br>    Defendant. | No.  6:14-cv-00551-SPS |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant United Home Insurance Company, with a full reservation of its rights, defenses, exceptions, objections, and claims and without waiver thereof, hereby removes to this Court the state-court action styled <u>Tommy and Jo Ann Bristow v. United Home Insurance Company</u>, No. CJ-2014-44 from the District Court of Murray County, Oklahoma.

### THE REMOVED CASE

1.     The removed case is a civil insurance action filed on May 19, 2014, in the District Court of Murray County, Oklahoma. (<u>See</u> Petition, attached as Exhibit 1). Defendant United Home was served on October 14, 2014, by delivery of a copy of the Alias Summons and Petition to the Insurance Commissioner for the State of Oklahoma on that date. (<u>See</u> Alias Summons and correspondence from John Doak, Insurance Commissioner, dated October 14, 2014, attached as Exhibits 2 and 3, respectively).

**PAPERS FROM REMOVED ACTION**

2.      As required by 28 U.S.C. § 1446(a) and LCvR81.2, attached are copies of all process, pleadings, and orders filed or served in this matter in the District Court of Murray County, Oklahoma. (See Exhibits 1, 2, and 4 through 16).   No other pleadings or papers have been served.   Pursuant to LCvR81.2, Defendant has attached as Exhibit 17 a copy of the Docket Sheet for this matter from the District Court of Oklahoma County, Oklahoma.

**CONSENT TO REMOVAL**

3.      The original defendants in this matter were United Home Insurance Company, Inc., Murray County Insurance Agency, Inc., Action Claim Service, Inc., and Steven Russell (Ex. 1). On November 20, 2014, Plaintiffs filed a Dismissal Without Prejudice dismissing all claims without prejudice against Defendants Murray County Insurance Agency, Inc., Action Claim Service, Inc. and Steven Russell. (Ex. 12). Because Defendant United Home Insurance Company is now the sole defendant in this matter, United Home does not need the consent of any other party for removal.

**GROUNDS FOR REMOVAL**

4.      A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action.   28 U.S.C. § 1441(a) and (b).   This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

5.	Plaintiffs are citizens of Oklahoma who reside in Murray County, Oklahoma. The insured property which is the subject of this lawsuit is located in Murray County, Oklahoma. (See Ex. 1, ¶1).

6.	Defendant United Home Insurance Company is an Arkansas corporation with its principal place of business in Paragould, Arkansas. (See Affidavit of Mike Cline, attached as Exhibit 18).  Thus, United Home is a citizen of the state of Arkansas. 28 U.S.C. § 1332(c)(1).

7.	Accordingly, this action is between "citizens of different States."  28 U.S.C. § 1332(a)(1).

8.	Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.	If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of the plaintiff's claims.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Angus v. Shiley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993); Maxon v. Texaco Refining & Marketing Inc., 905 F. Supp 976, 978-79 (N.D. Okla. 1995).  The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00."  Manguno, 276 F.3d at 723.  The amount in controversy is satisfied unless "it is 'legally certain' that the recovery

(from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." McPhail v. Deere & Co., 529 F.2d 947, 955 (10th Cir. 2008) (quoting Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).  Demands for punitive damages may be included in determining the amount in controversy.  Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151-52 (3rd Cir. 2009). A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. ____, No. 13-719, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014).

  10. In this case, Plaintiffs' claims exceed the jurisdictional minimum of $75,000.00.  In the Petition, Plaintiffs allege that the insured premises was "severely damaged as a direct result of a wind/hailstorm." (See Ex. 1, ¶12).  Plaintiffs claim that Defendant United Home breached the terms of the insurance policy by failing to pay "all benefits owed" under the policy. Id. at ¶21.  Plaintiffs seek actual and punitive damages for breach of contract in an amount in excess of $10,000.00, plus interest, costs and attorneys fees. Id. at ¶¶22 and 23.  In addition, Plaintiffs also allege that Defendant United Home breached the duty of good faith and fair dealing for which Plaintiffs seek an award of compensatory and punitive damages in an amount in excess of $10,000.00, and disgorgement of the financial benefits allegedly derived by United Home as "a direct result" of United Home's alleged "wrongful or intentional, willful, malicious and/or

reckless conduct . . . ." Id. at ¶¶26 and 31-33. Plaintiffs also claim that United Home is liable to them for breach of fiduciary duty, for which Plaintiffs seek both actual and punitive damages in an amount in excess of $10,000.00. Id. at ¶¶38-41. Plaintiffs further allege that Defendant United Home failed "to conduct an appropriate underwriting analysis" which caused United Home to issue insurance to Plaintiffs that did not provide adequate coverage. Id. at ¶84. Plaintiffs seek compensatory and punitive damages in an amount in excess of $10,000.00 on their claims of negligent underwriting. Id. at ¶¶84-86. Furthermore, Plaintiffs allege that Defendant United Home violated the Oklahoma Consumer Protection Act, 15 O.S. §§ 751, et. seq. Id. at ¶¶88-90.

      11.     Because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Thus, Defendant may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

      12.     Pursuant to 36 O.S. § 621, Plaintiffs served Defendant United Home by serving the Oklahoma Insurance Commissioner with a copy of the Petition and the Alias Summons on October 14, 2014. (Exhibits 1-3). The matter was not removable at that time because the case included two non-diverse Defendants, Murray County Insurance Agency, Inc. and Steven Russell. Murray County Insurance Agency, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma. (Ex. 1 at ¶3). Therefore, it is a citizen of Oklahoma. 28 U.S.C. § 1332(c)(1). Likewise, Mr. Russell is an insurance

adjuster licensed in Oklahoma. Id. at ¶5.  He lives in Oklahoma and is a citizen of Oklahoma.

13.On November 20, 2014, counsel for Defendant United Home received by U.S. Mail an unfiled copy of the Dismissal Without Prejudice in which Plaintiffs dismissed all claims against the non-diverse Defendants. (See Ex. 12 and Affidavit of Michael Maloan, attached hereto as Exhibit 19). Pursuant to 28 U.S.C. § 1446(b), the thirty-day deadline for United Home to remove this action began to run on November 20, 2014, when counsel for United Home received the unfiled Dismissal Without Prejudice advising that the non-diverse Defendants were being dismissed from the suit. See Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998) (stating that notice from an "other paper" that an action has become removable must be "clear and unequivocal"). Thus, this Notice of Removal is filed within thirty days after receipt by Defendant of an "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). See also Murchison v. Progressive Northern Ins. Co., 564 F. Supp. 2d 1311, 1314 (E.D. Okla. 2008) (holding that plaintiff's response to request for admission qualified as "other paper" indicating case had become removable).

14.Pursuant to 28 U.S.C. § 1441(a), the state court action is pending within the judicial district of this Court.

15.No previous Notice of Removal has been filed in or made to this Court.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties.  Written notice of the filing of this Notice of Removal will be given to Plaintiffs through their counsel.

17.     Also pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, along with a true and correct copy of this Notice of Removal, is being filed with the Court Clerk of the District Court of Murray County, Oklahoma.

18.     Pursuant to the Scheduling Order (Ex. 15) entered sua sponte by the District Court of Murray County on December 16, 2014, the only hearings that have been scheduled by the District Court of Murray County, Oklahoma, in this matter are the Pre-Trial Conference and trial set in July and August 2015.

19.     Defendant reserves the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event Plaintiffs move to remand.

WHEREFORE, Defendant United Home Insurance Company prays that the Court take notice of the removal of this civil action and that further proceedings in the District Court of Murray County, Oklahoma, be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Eastern District of Oklahoma, as the law in such cases provides.

        *s/Michael T. Maloan*
        Larry D. Ottaway, OBA No. 6816
        larryottaway@oklahomacounsel.com
        Michael T. Maloan, OBA No. 15097
        michaelmaloan@oklahomacounsel.com
        FOLIART, HUFF, OTTAWAY & BOTTOM
        201 Robert S. Kerr Avenue, 12th Floor
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 232-4633
        Facsimile: (405) 232-3462

        ATTORNEYS FOR DEFENDANT
        UNITED HOME INSURANCE COMPANY

### **CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of December, 2014, a true and correct copy of the foregoing instrument was served by **certified mail, return receipt requested** as follows:

J. Drew Houghton
Foshee & Yaffe
P.O. Box 890420
Oklahoma City, OK   73189

Larry Bache
Merlin Law Group
777 S. Harbour Blvd., 9th Floor
Tampa, FL   33602

Phillip N. Sanov
Merlin Law Group
Three Riverway, Suite 701
Houston TX   77056

    *Attorney for Plaintiffs*

        *s/Michael T. Maloan*